IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MICHAEL W. MCBRIDE,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:14-12074

DAVID W. JONES, Warden,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on October 17, 2014, in which he recommended that the District Court deny plaintiff's motion to transfer; deny plaintiff's "Ancillary Motion Supporting Habeas Corpus Petition Seeking Order for Show Cause and Summary Judgment"; deny plaintiff's petition for habeas relief; and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).  On October 28, 2014,

plaintiff filed a motion conceding to the PF&R and "dismissing my action this day. . . ." (Doc. No. 21).  Thereafter, on November 13, 2014, defendant filed a motion to dismiss the action as moot given plaintiff's release from federal custody.[*]  Plaintiff did not file a response to defendant's motion to dismiss.

Dismissal of plaintiff's application as moot is appropriate because plaintiff has already completed his term of incarceration.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Wallace v. Jarvis, 423 F. App'x 328, 2011 WL 1355195, *1 (4th Cir. Apr. 11, 2011) ("While Wallace challenges the calculation of his release date, he has been released from custody, and he does not allege any collateral consequences that would warrant relief."); Evora v. Johnson, Civil Action No. 3:09CV91-HEH, 2009 WL 1437592, *1 (E.D. Va. May 21, 2009) (dismissing as moot habeas petition where, having been released from custody, petitioner did not "attempt to demonstrate that the allegedly incorrect calculation [of time he was required to serve] inflicted any collateral consequences upon him").  Accordingly, because no case or controversy presently exists in this case, the court **GRANTS** defendant's motion to dismiss, **DISMISSES** plaintiff's application as moot, and directs the Clerk

---

[*] In this action, plaintiff challenged the manner in which his sentence was computed by the Bureau of Prisons.  On November 12, 2014, his sentence was recalculated and he was released from federal custody.

to remove this case from the court's active docket.  A judgment order consistent with this Memorandum Opinion and Order will be filed this day.

The Clerk is directed to forward a copy of this Memorandum Opinion to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 16th day of January, 2015.

ENTER:

David A. Faber
Senior United States District Judge